IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE MAGANA BARAJAS, | : | CRIMINAL NO. |
|    Movant, | : | 1:05-CR-0477-CC-GGB-8 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-3459-CC-GGB |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | 28 U.S.C. § 2255 |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AS THE ORDER OF THIS COURT**

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Gerrilyn G. Brill [Doc. 1592], and Movant's Objections thereto, [Doc. 1593]. In the R&R, Magistrate Judge Brill recommends denying Movant's motion to vacate sentence under 28 U.S.C. § 2255.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which Movant has objected. The Court reviews the remainder of the R&R for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). However, where a movant does not file *specific objections* to factual findings and recommendations of the magistrate judge, this Court need not perform a *de novo* review. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citing inter alia

AO 72A
(Rev.8/82)

Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988)).

In the R&R [Doc. 1592], Magistrate Judge Brill recommends dismissing Movant's ineffective assistance of counsel claims related to sentencing because Movant's waiver in his negotiated plea agreement precludes him from raising those claims. In addition, Magistrate Judge Brill recommends dismissing Movant's remaining ineffective assistance of counsel claims that are not precluded by the waiver because those claims are without merit.

In his objections [Doc. 1593], Movant, through counsel, argues that his "generic" waiver does not preclude him from raising ineffective assistance of counsel claims related to sentencing. Movant also argues that his waiver was not voluntary because he did not know that the waiver covered future instances of ineffective assistance of counsel, and counsel was ineffective in advising Movant to enter into the waiver. [Id. at 7].

Movant's objections are without merit. It is clear from the record that Movant knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence. Movant specifically acknowledged by signing the plea agreement and a separate acknowledgment that the waiver in the plea agreement would prevent him,

2

except for the narrow exceptions stated, from appealing or challenging his sentence in any post-conviction proceeding. [Doc. 545 at 7, 13-14]. Further, the Court specifically addressed the negotiated appeal waiver with Movant during the plea colloquy, and Movant indicated that he understood that he was giving up the right to collaterally attack his sentence. [Doc. 1369 at 15-16]. The Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). Movant also acknowledged in the plea agreement and at his plea hearing that he was satisfied with the representation of his counsel. [Doc. 1369 at 20; Doc. 545 at 14]. Accordingly, Movant's objections are overruled.

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation over Petitioner's Objections. Movant's § 2255 motion [Doc.1471] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED.**

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 1st day of April, 2013.

s/ CLARENCE COOPER
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE